UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
In re:

Robert Allan Bonanno,

                           Debtor.
-------------------------------------------------------X

Case No.: 19-76257-AST

Chapter 7

## DECISION AND ORDER DENYING MOTION TO RECONSIDER

*General Background*

On September 10, 2019, Debtor filed a petition for relief under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code").

On February 13, 2020, the Court heard the motion dated October 23, 2019 (the "Motion") of JPMorgan Chase Bank, National Association, as servicer for Ridgewood Savings Bank ("JPM"), which sought relief from the automatic stay as to the real property located at 502 South Ninth Street, Lindenhurst, NY 11757 (the "Property").

On March 11, 2020, the Court entered the Order confirming that the automatic stay imposed under 11 U.S.C. § 362(a) did not prohibit JPM from foreclosing, and denying all other relief sought in the Motion (the "Order"). [dkt item 43]  As explained at the ruling conference that preceded entry of the Order, the Court narrowly confirmed that the automatic stay did not take effect at the petition date so as to prohibit the mortgagee from foreclosing its mortgage against the Property.  The owner/mortgagor of the Property had filed prior bankruptcy cases. Debtor was a mere tenant of the mortgagor and had no ownership interest in the Property, had no personal liability on the underlying note and mortgage, and had no contractual relationship with JPM; as such, he did not have such an interest in the Property that the stay would be implicated by the continuation of a foreclosure. *See In re Ebadi*, 448 B.R. 308, 318 (Bankr. E.D.N.Y. 2011) ("An *in*

1

*rem* action against property in which a debtor does not have an ownership interest would likely not run afoul with the automatic stay."); *see also In re* Fogarty, 18-72498-las (Bankr. E.D.N.Y. 2018).  The Court, however, did not lift the stay to allow JPM or any purchaser of the Property to evict Debtor, as stay relief would have to be sought for that, but was not requested in the Motion.

On March 25, 2020, Debtor filed a motion to reconsider the Order (the "Motion to Reconsider") with no presentment date. [dkt item 46]  The Motion to Reconsider asks this Court to essentially withdraw the relief it granted, and extend Debtor's time to appeal.

On March 27, 2020, the Court emailed the parties that it was in receipt of the Motion to Reconsider and that the Motion to Reconsider will be on presentment fourteen (14) days. The Court now renders its ruling on the Motion to Reconsider.

*Legal Analysis*

The Motion to Reconsider should be considered under Rule 9023 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), which incorporates Rule 59 of the Federal Rules of Civil Procedure ("FRCP").  A motion to reconsider is properly considered under FRCP 59, which is incorporated into bankruptcy proceedings by Bankruptcy Rule 9023. *See Woodard v. Hardenfelder*, 845 F. Supp. 960, 964-67 (E.D.N.Y. 1994) ("The Second Circuit has noted that 'most substantive motions brought within ten days of the entry of judgment are functionally motions under Rule 59(e), regardless of their label or whether relief might also have been obtained under another provision'") (citing *McCowan v. Sears, Roebuck & Co.*, 908 F.2d 1099, 1103 (2d Cir. 1990)); *In re Jamesway Corp.*, 203 B.R. 543, 545-46 (BANKR. S.D.N.Y. 1996). Accordingly, the Court will deem the Motion to Reconsider to be one under FRCP 59(e) and Bankruptcy Rule 9023.

Generally, motions for reconsideration are not granted unless "the moving party can point to controlling decisions or data that the court overlooked"—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court. *Rafter v. Liddle*, 288 Fed. Appx. 768, 769 (2d Cir. 2008) (citing *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir.1995)).  Motions to reconsider under Bankruptcy Rule 9023, as motions to reconsider under FRCP 59, "are not vehicles for 'taking a second bite at the apple[.]'" *Rafter*, 288 Fed. Appx. at 769 (citing *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir.1998)).  Facts that are not in the record of the original hearing cannot be said to be facts that the court "overlooked." *Rafter*, 288 Fed. Appx. at 769.  *See also Lynch v. Barnard et al.*, 2:18-cv-06893-JS (E.D.N.Y. 2020)

In the Motion to Reconsider, Debtor has pointed to no facts or case law which were overlooked by this Court in rendering its decision.  Rather, the Motion to Reconsider seems to request a "do-over" and Debtor has failed to provide this Court with any analysis or case law that warrants the relief requested by Debtor in the Motion to Reconsider.

Moreover, in the Motion to Reconsider, Debtor misunderstands this Court's orders submission process and standard hearing held entry which is docketed after the hearing.  Debtor claimed that a proposed order was never submitted by JPM post hearing. *See* Motion to Reconsider ¶ 5-6, 58. The Order was entered based upon an order JPM had submitted to the Court's Eorders inbox following the hearing, which is and has long been a permissible, standard protocol.[1] Debtor misinterprets "submit order" as directed at the hearing to mean file the proposed order on the docket. In any event, this is not material to the relief granted in the Order.

---

[1] *See* Submission of Proposed Orders (E-Orders) - Effective January 3, 2011, the U.S. Bankruptcy Court, Eastern District of New York, upgraded the CM/ECF system to allow for the electronic submission of proposed orders using the CM/ECF E-Orders module. This upgrade allows attorneys to submit proposed orders in PDF using CM/ECF instead of emailing orders to the Judges' Chambers.
**CM/ECF (for users with CM/ECF Access)** - Attorneys with CM/ECF access should upload all proposed orders through their CM/ECF account. Attorneys must upload proposed orders in a "pdf" format and in either a Microsoft Word or Corel WordPerfect format.

...

As to Debtor's request for an extension of time to file an appeal, he has made no showing of excusable neglect as required by Bankruptcy Rule 8002(d).  However, it appears that the requested relief is moot as, under Bankruptcy Rule 8002(b), Debtor's time to file an appeal runs from the date of entry of this Order.

For the foregoing reasons, the Motion to Reconsider should be denied.

Accordingly, it is hereby

**ORDERED**, that pursuant to Bankruptcy Rule 9023, which incorporates FRCP 59, the Motion to Reconsider is **DENIED**; and it is further

**ORDERED**, that all other relief sought in the Motion to Reconsider is **DENIED,** including Debtor's request for an extension of time to file an appeal; and it is further

**ORDERED**, that the Clerk of Court shall serve a copy of this Order upon Debtor and all parties who filed a notice of appearance in this case.



**Dated: June 2, 2020**  
**Central Islip, New York**

**Alan S. Trust**  
**United States Bankruptcy Judge**